UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DANA CRANEY,                               )
                                          )
            Petitioner,                    )
                                          )
v.                                         )  Civil No. 09-123-B-W
                                          )
STATE OF MAINE,                            )
                                          )
            Respondent                     )

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Dana Craney has filed a 28 U.S.C. § 2254 petition attacking his 1994 murder and robbery

convictions.  Following a jury trial Craney was convicted and sentenced to 60 years

imprisonment on the murder charge and 20 years on the robbery charge. I recommend that the

petition be summarily dismissed pursuant to Rule Governing Section 2254 Proceedings 4

because on the face of the petition and the exhibits submitted by Craney his petition is untimely

under 28 U.S.C. § 2244(d).

That provision reads:

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of—
> **(A)** the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d).

With regards to § 2244(d)(1)(A), Craney did seek direct review and his conviction was affirmed on July 25, 1995.  State v. Craney, 662 A.2d 899 (Me. 1995).   He filed a state post-conviction petition on June 27, 2006. There is no question but that his § 2244(d)(1)(A) year ran before Craney took any step to seek further review of his sentence.

Craney has submitted the order from the Maine Superior Court summarily dismissing his state petition for post-conviction review which he filed on June 27, 2006.  That petition relied on Maine v. Schofield, 2005 ME 82, 895 A.2d 927.  Schofield addressed the implications of the United States Supreme Court's Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296, 303 (2004), and United States v. Booker, 543 U.S. 220 (2005) line of cases on a sentence that exceeded twenty years, imposed after a 17-A M.R.S. § 203 manslaughter conviction.

In its orders on the motions to reconsider its summary dismissal of Craney's 2006 petition, the Superior Court reiterated its conclusion that Craney's petition for post-conviction review was untimely.  (See Doc. No. 1- 8, 9 &10.)   It concluded that the state post-conviction statute of limitation ran on July 25, 1996.  It also noted that under the statute of limitations for state post-conviction petitions Craney could not rely on 15 M.R.S. § 2128(5)(B) or (C). Subsection B permits the filing of post-conviction petitions one year from the "date on which the constitutional right, state or federal, asserted was initially recognized by the Law Court or the Supreme Court of the United States, if the right has been newly recognized by that highest court and made retroactively applicable to cases on collateral review."  Subsection C provides that the one-year period begins to run on "[t]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  (See Doc. 1-10 at 3 .)  The Superior Court justice concluded that Schofield did not create a new constitutional right

2

and did not apply retroactively, (<u>id.</u>) anticipating the holding of <u>Carmichael v. State</u>, 2007 ME

86, 42,  927 A.2d 1172, 1181-182.  The Superior Court justice also rejected Carney's argument

that his petition was timely under the newly discovered factual predicate alterative of 15 M.R.S.

§ 2128(5)(C), distinguishing Carney's case from <u>Diep v. State</u>, 200 ME 53, 748 A.2d 974, a case

wherein the Law Court did find that an attorney's incorrect advice was a factual predicate that

applied on the facts of that case.  (<u>Id.</u> at 4.) The Maine Law Court denied a certificate of probable

cause. (Doc. No. 1-7.) The Law Court had stayed the proceeding pending the final disposition by

the United States Supreme Court of a petition for writ in <u>Libby v. Maine</u>, 2007 ME 80, 926 A.2d

724, <u>cert. denied</u>, 128 S.Ct. 1121 ( Jan 22, 2008).  In that case the Maine Law Court summarized:

> Libby argues that the trial court failed to apply the holdings of <u>Apprendi</u> and
> <u>Schofield</u>, which recognize the existence of a Sixth Amendment right to have a
> jury determine, beyond a reasonable doubt, any fact that increases the penalty for
> a crime beyond the prescribed statutory maximum. We conclude that the holdings
> of <u>Apprendi</u> and <u>Schofield</u> do not apply to the current murder sentencing statutes
> and therefore affirm the judgment of the trial court dismissing his petition.

2007 ME 80, ¶ 1, 926 A.2d at 724 -25 (footnote omitted).  <u>See</u> <u>also</u> <u>Higgins v. Maine</u>, Civil No.

07-06-B-W, 2008 WL 5191736, 6 (D.Me. Dec. 9, 2008) (recommended decision), <u>aff'd</u>, 2008

WL 5412299 (D.Me. Dec 24, 2008). With <u>Libby</u> resolved, the Maine Law Court thus endorsed

the Superior Court's determination that the petition was untimely.

  With respect to the timeliness of his 28 U.S.C. § 2254 petition, Craney represents that he

was unaware that his rights were violated until the announcement of the <u>Schofield</u> case.

Apropos the timeliness of this federal § 2254 petition under the federal § 2244(d)(1)(C)

limitation period, even if the Maine Law Court had concluded that <u>Schofield</u> was retroactive to

state post-conviction proceedings, it would not translate to retroactivity for purposes of Craney's

federal petition.  Only the United States Supreme Court precedent is operative in that provision

and only the United States Supreme Court can make a case retroactive to federal habeas

petitions.  See Tyler v. Cain, 533 U.S. 656 (2001).  Even if Craney had relied directly on

Apprendi, Blakely, and Booker in arguing the timeliness of his 28 U.S.C. § 2254 petition these

cases have not been made retroactive to cases on collateral review by the United States Supreme

Court.  See Newbury v. Maine, Civil No. 08-299-B-W, 2008 WL 4330304, 1 -2 & n.2 (D.Me.

Sept. 17, 2008) (recommended decision), aff'd, 2008 WL 4530907 (D. Me. Oct. 6, 2008).

### *Conclusion*

For the reasons outlined above I recommend that the Court summarily deny this 28

U.S.C. § 2254 petition pursuant to Rule Governing Section 2254 Proceedings 4 because it is

untimely.  I further recommend that a certificate of appealability should not issue in the event

Craney files a notice of appeal because there is no substantial showing of the denial of a

constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### **NOTICE**

A party may file objections to those specified portions of a magistrate
judge's report or proposed findings or recommended decisions entered pursuant to
28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought,
together with a supporting memorandum, within ten (10) days of being served
with a copy thereof.  A responsive memorandum shall be filed within ten (10)
days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 2, 2009.

4